```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
CHARLES A. LAWSON,            :
                              :
         Petitioner,          :   Civ. No. 22-1324 (NLH)
                              :
    v.                        :   OPINION
                              :
WARDEN EUGENE CALDWELL,       :
                              :
         Respondent.          :
_____:
```

APPEARANCES:

Charles A. Lawson
357387/367566
Hudson County Jail
30-35 Hackensack Ave
Kearny, NJ 07032

    *Petitioner pro se*

James R. Birchmeier, Esq.
Birchmeier & Powell LLC
1891 State Highway 50
PO Box 582
Tuckahoe, NJ 08250-0582

    *Attorneys for Respondent*

<u>HILLMAN</u>, District Judge

    Petitioner Charles A. Lawson filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his pretrial detention in the Cumberland County Jail and state court criminal proceedings. ECF No. 1. Respondent opposed the petition. ECF No. 7.

On January 16, 2024, the Court ordered the parties to submit a status report regarding Petitioner's criminal charges. ECF No. 27. Petitioner filed a response on January 19, 2024 stating that he had accepted a plea deal to Indictment 19-000952. ECF No. 28. He continued to assert that his attorney rendered ineffective assistance and that he had been subject to unconstitutional conditions of confinement at the Cumberland County Jail. Id. at 2-3. Petitioner later submitted a "motion for remedy" asking the Court to reduce his sentence. ECF No. 29. See also ECF No. 31 (letter requesting sentence reduction). Respondent submitted a response on February 6, 2024 confirming that Petitioner had accepted a plea deal for Indictment 19-000952. ECF No. 30. Respondent included Petitioner's judgment of conviction dated January 22, 2024. Id. at 5. According to the judgment of conviction, Petitioner was sentenced to six years of imprisonment with credit for time served. Id.

District courts have jurisdiction under § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court. Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975). This includes claims that pretrial conditions of confinement violate the Constitution. See Hope v. Warden York County Prison, 972 F.3d 310 (3d Cir.

2

2020).  However, Petitioner has been convicted and sentenced since he filed this petition.

Petitioner's conviction and sentence moots his challenge to his pretrial detention.  See Clark v. Payne, 341 F. App'x 355, 356 (10th Cir. 2009) ("[Section] 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner."); Williams v. New Jersey, No. 18-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020).  "[I]f a case no longer presents a live case or controversy, the case is moot, and the federal court lacks jurisdiction to hear it."  Williams, 2020 WL 3259223, at *2 (citing Nextel W. Corp. v. Unity Twp., 282 F.3d 257, 261 (3d Cir. 2002)).  Any challenge to his state conviction must be filed under 28 U.S.C. § 2254 after he exhausts all his state court remedies.

The Court will dismiss the § 2241 petition and motion for remedy as moot.  The dismissal is without prejudice to Petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies.[1]

---

[1] The Court expresses no opinion as to whether any forthcoming petition has otherwise met the requirements of § 2254.  The resolution in this matter also has no effect on other litigation brought by Plaintiff in this District including claims for damages arising from his incarceration at Cumberland County Jail, see Lawson v. Smith, et al., 20-cv-15705 (NLH)(AMD) and Lawson v. Cumberland County Board of Chosen Freeholders, et al., 23-cv-644 (NLH)(AMD), or his status as a member of the class in Brown v. Warren, et al., 20-cv-7907 (NLH)(AMD).

To the extent a certificate of appealability is required, the Court declines to issue one because reasonable jurists would agree that the petition is moot.  28 U.S.C. § 2253; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

    An appropriate Order will be entered.


Dated: February 7, 2024          s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.